UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHD WAIL JABER,<br><br>       Petitioner,<br><br>   v.<br><br>KRISTI NOEM, et al.<br><br>       Respondents. | ED CV 26-39 PA (MAAx)<br><br>PRELIMINARY INJUNCTION |

On January 8, 2026, the Court issued a Temporary Restraining Order and Order to Show Cause as to Why a Preliminary Injunction Should Not Issue. (Docket No. 9 ("Order to Show Cause").) Respondents Kristi Noem, Secretary, U.S. Department of Homeland Security ("DHS"); Pamela Bondi, U.S. Attorney General; Todd Lyons, Acting Director, Immigration and Customs Enforcement ("ICE"), Jaime Rios, Acting Director, Los Angeles Field Office, ICE Enforcement Removal Operations; Fereti Semaia, Warden, Adelanto ICE Processing Center; Executive Office for Immigration Review; ICE; and DHS (collectively "Respondents") have filed an Response to the Order to Show Cause, which states that Respondents "do not have an opposition argument that they are able to present." (Docket No. 10.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing set for January 22, 2026 is vacated and the matter taken off calendar.

Petitioner seeks immediate release under an Order of Supervision. Petitioner also seeks to enjoin Respondents from (1) transferring Petitioner outside of this Judicial District during the pendency of his Petition for Writ of Habeas Corpus; and (2) removing Petitioner to a third country, i.e., a country other than the country designated as the country of removal in Petitioner's final order of removal (Syria), without notice and an opportunity to raise a fear-based claim for withholding of removal.

Having considered Petitioner's arguments for preliminary relief, and in light of Respondents' lack of any arguments against granting the relief sought by Petitioner, the Court sees no reason to depart from its previous analysis of the factors for issuing injunctive relief. See Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). The Court thus concludes that the factors support granting the Preliminary Injunction requested by Petitioner.

The Court therefore ORDERS Petitioner's immediate release under an Order of Supervision. Respondents, along with their agents, servants, employees, attorneys, and all other persons acting in concert or participation with them, are hereby ENJOINED and restrained from re-detaining Petitioner unless and until he is provided proper due process necessary for the revocation of an Order of Supervision, as set forth under 8 C.F.R. § 241.13(i), including notice of the reasons for revocation, a prompt informal interview, and an opportunity to respond to the reasons for revocation.

Respondents, along with their agents, servants, employees, attorneys, and all other persons acting in concert or participation with them, are further ENJOINED and restrained from removing Petitioner to a third country unless Respondents adhere to following requirements: Petitioner and his counsel must receive written notice of the third country to which Petitioner may be removed, provided to Petitioner and his counsel in a language Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten (10) days, to raise a fear-based claim for withholding of removal or protection under the 28 Convention Against Torture prior to removal. If

Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.[1]

The parties shall meet and confer and file a joint status report regarding Respondents' compliance with this Order within fourteen (14) days. The joint status report shall also address whether the Petition for Writ of Habeas Corpus is moot.

DATED: January 15, 2026

Percy Anderson
UNITED STATES DISTRICT JUDGE

---

[1] See Order Entering Preliminary Injunction, Nadari v. Bondi, No. CV 25-7893 JLS (BFMx) (C.D. Cal. Sept. 10, 2025), Docket No. 12; see also Respondents' Response and Opposition to Order to Show Cause, Sulaiman v. Noem, No. ED CV 25-3475 PA (SSCx) (C.D. Cal. filed Jan. 2, 2026), Docket No. 15 (endorsing procedure outlined in Nadari).